UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHN SATCHELL,

                                    Plaintiff,                9:25-CV-0400
                                                     (BKS/CBF)

        v.

EMPLOYEE'S OF DEPT. OF D.O.C.C., et al.,

                                      Defendants.

---

APPEARANCES:                         OF COUNSEL:

JOHN SATCHELL
Plaintiff, pro se
24-B-3367
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

BRENDA K. SANNES
Chief United States District Judge

## ORDER

On March 5, 2025, pro se plaintiff John Satchell ("plaintiff") commenced this action by filing a complaint in the United States District Court for the Southern District of New York ("Southern District").  Dkt. No. 1 ("Compl.").  In the complaint, plaintiff asserts claims for the violation of his constitutional rights arising out of his confinement with the New York State Department of Corrections and Community Supervision ("DOCCS").  *See generally* Compl. With the complaint, plaintiff filed an application to proceed in forma pauperis ("IFP"). Dkt. No. 2 ("IFP Application").

On March 21, 2025, the Southern District transferred this matter to this District because all the facts giving rise to plaintiff's claims occurred in Clinton County which is in this

District.  Dkt. No. 6. The Southern District did not analyze the sufficiency of the claims and referred a determination on the IFP Application to this Court.  *Id.*

Upon receipt of the transfer, the Court denied plaintiff's IFP Application and administratively closed the matter due to plaintiff's failure to comply with the filing fee requirements.  Dkt. No. 8.  The Court directed plaintiff to either (1) pay the full $405.00 filing fee for civil actions; or (2) submit a completed and signed in forma pauperis ("IFP") Application certified by an appropriate official at his facility.  *Id.*

On April 17, 2025, plaintiff submitted a second IFP Application.  Dkt. No. 9.  In a Decision and Order filed on April 28, 2025 (the "April 2025 Order"), the Court denied the second IFP Application as incomplete.  Dkt. No. 13.

On May 8, 2025, plaintiff submitted a third IFP Application.  Dkt. No. 14.  In a Decision and Order filed on June 13, 2025 (the "June 2025 Order"), the Court granted plaintiff's IFP application and reviewed the sufficiency of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A)(b).  Dkt. No. 16.   On the basis of that review, the Court dismissed the complaint, without prejudice, for failure to state a claim.  *Id*.  Plaintiff was afforded the opportunity to file an amended complaint.  *Id.*

On June 20, 2025, plaintiff filed a letter with the Court "checking on the status" of the case.  Dkt. No. 18.  On September 17, 2025, the Court issued the following Order:

> Plaintiff has failed to timely file an amended complaint as directed by the # 16 Decision and Order.  The Court will sua sponte grant plaintiff a 30 day extension of time to file an amended complaint. If plaintiff timely files an amended complaint, this matter be returned to the Court for further review. If plaintiff fails to timely file an amended complaint as directed, the Clerk shall enter judgment indicating that the action is DISMISSED without prejudice without further order of this Court pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and for failure to comply with the # 16

2

Decision and Order. In that event, the Clerk is directed to close this case.

Dkt. No. 19.

On September 29, 2025, plaintiff filed a submission with the Court.  Dkt. No. 20.  In a Decision and Order filed on November 6, 2025 (the "November 2025 Order"), the Court advised plaintiff that the submission would not be accepted as the amended complaint.  Dkt. No. 21.  Plaintiff was directed to submit a proposed pleading, within thirty days, that complied with the directives set forth in the June 2025 Order.  *Id*. at 4.

On December 29, 2025, plaintiff submitted a letter to the Court.  Dkt. No. 23.  The Court issued the following Order:

> On December 29, 2025, plaintiff filed a letter with the Court. Dkt. No. 23. It is unclear what relief, if any, plaintiff seeks from the Court by way of his submission. Plaintiff is reminded that if he seeks relief from the Court, he must file a motion which complies with the Federal Rules of Civil Procedure and this District's Local Rules. In light of plaintiffs pro se status, the Court, sua sponte, extends the deadline for plaintiff to file an amended pleading that complies with the Court's June 13, 2025 and November 6, 2025 Orders, *see* Dkt. Nos. 16, 21, and this Court's Local Rules. Plaintiff is directed to comply with the Court's directives within thirty (30) days of this Text Order.

Dkt. No. 24.

As of the date of this Order, plaintiff has not complied with the Court's Orders, nor has he communicated with the Court in any manner regarding this action since December 2025.

**WHEREFORE**, it is hereby

**ORDERED** that this action is **DISMISSED** due to plaintiff's failure to comply with the

3

Court's Orders and the Clerk is directed to enter judgment accordingly; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff at his address of record.

**IT IS SO ORDERED.**

Dated: April 3, 2026

Brenda K. Sannes
Chief U.S. District Judge